FILED
 2014 Jun-20  PM 01:38
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CONNIE T. FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 5:13-cv-00022-JHE |
| | ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) |
| | ) |
| Defendant. | |

## MEMORANDUM OPINION[1]

Plaintiff Connie T. Freeman ("Freeman") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for a period of disability and disability insurance benefits ("DIB").  Freeman timely pursued and exhausted her administrative remedies. The case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is AFFIRMED.[2]

---

[1] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013.  See http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security."). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Carolyn W. Colvin in the case caption above.

[2] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 12).

## I. Factual and Procedural History

Freeman was a forty-eight year old female at the time of the Administrative Law Judge's ("ALJ") decision. (Tr. 125-33, 148). Freeman has an eighth grade education and previously worked as a final inspector, a welding-machine tender, and cashier/stocker. (Tr. 66-67).

Freeman filed her application for a period of disability and DIB on December 23, 2009, alleging an initial onset date of June 4, 2009. (Tr. 14, 125). The Commissioner denied Freeman's application, (tr. 78), and Freeman requested a hearing before an ALJ. (Tr. 89-90). After a hearing, the ALJ denied Freeman's claim on September 2, 2011. (Tr. 9-24). Freeman sought review by the Appeals Council, but it declined her request on November 6, 2012. (Tr. 1-4). On that date, the ALJ's decision became the final decision of the Commissioner. On January 3, 2013, Freeman initiated this action. (*See* doc. 1).

## II. Standard of Review[3]

The Court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to

---

[3] In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

support a conclusion." *Id.*  It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993).  If the Court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4]  The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a).  To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

3

  (1) whether the claimant is currently employed;
  (2) whether the claimant has a severe impairment;
  (3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
  (4) whether the claimant can perform his or her past work; and
  (5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Freeman met the insured status requirements of the Social Security Act through June 30, 2014, and that Freeman had not engaged in substantial gainful activity since June 4, 2009, the alleged onset date of his disability. (Tr. 14). At Step Two, the ALJ found Freeman has the following severe impairments: osteoporosis, degenerative disk disease of the lumbar spine, and a history of Graves' disease.[5] (*Id.*). At Step Three, the ALJ found that claimant does not

---

 [5] Graves disease is an auto-immune disease of the thyroid gland causing excessive production of hormones related to metabolism, which can lead to a pounding heart, sweating, trembling, and weight loss, as well as other medical conditions such as swollen eye muscles

have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-17).

Before proceeding to Step Four, the ALJ determined Freeman's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Freeman has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), but should avoid concentrated exposure to extreme heat, cold, wetness, and humidity. (Tr. 17-19). At Step Four, the ALJ determined Freeman could perform her past relevant work as a cashier. (Tr. 19). Therefore, the ALJ determined Freeman has not been under a disability and denied her claim. (Tr. 20).

## V. Analysis

### A.   Introduction

Although the Court may reverse a finding of the Commissioner only if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Freeman challenges the Commissioner's decision on two broad grounds. First, Freeman contends the ALJ misstated the burden of proof indicating the burden to be on the plaintiff/claimant

---

(exophthalmos) or redish, lumpy thickening of the skin on the shins (pretibial myxedema). See http://www.webmd.com/women/understanding-graves-disease-basics

to provide sufficient credible evidence to establish she suffers from an impairment of such severity as to render her incapable of engaging in substantial gainful activity for a minimum period of twelve consecutive months. (Doc. 8 at 2). Second, Freeman contends the ALJ misstated the durational requirement of the definition of disability under the Social Security Act. (*Id.*). Despite Freeman's arguments to the contrary, the ALJ applied the appropriate legal standards and substantial evidence supports the ALJ's determination that Freeman is not disabled.

### B.   The ALJ Applied the Appropriate Legal Standard Regarding Proof of Disability and Properly Developed the Record

In Social Security disability cases, the claimant bears the ultimate burden of proof on the issue of disability. *See* C.F.R. § 404.1512; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) ("The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits."). A claimant must show that she was not able to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that could have been expected to result in death or had lasted or was expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). The ALJ properly found Freeman not disabled because she could perform her past relevant work. (Tr. 19-20). The ALJ's findings are supported by substantial evidence.

Freeman argues the that the ALJ, the claimant, and the claimant's representative share a "communal burden of proof" in developing the record. (Doc. 8 at 4-6). Freeman's argument lacks merit. Although an ALJ "has a basic obligation to develop a full and fair record, . . . there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of

the record." *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997); *see Kelley v. Heckler*, 761 F.2d 1538, 1540-41 (11th Cir. 1985). Moreover, "the claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see Bowen v. Yuckett*, 482 U.S. 137, 146 n.5 (1987). "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckett*, 482 U.S. at 146 n.5. An ALJ is not required to develop evidence to prove claimant's case or otherwise act as her counsel. *See Smith v. Schweiker*, 677 F.2d 826, 229 (11th Cir. 1982).

Specifically, Freeman argues the ALJ should have developed the record regarding her panic disorder. (Doc. 8 at 6). However, the ALJ noted that Freeman's representative submitted records after the hearing indicating that Freeman received a diagnosis of panic disorder without agoraphobia and other impairments from Lawrence Medical Center. (Tr. 15, 595-96). The ALJ examined this evidence and found nothing to support the diagnosis. (*Id.*). The ALJ further noted the evidence did not indicate who treated Freeman or which symptoms supported a diagnosis of panic disorder. (*Id.*).[6] The ALJ examined the entire record and found that it did not show that Freeman experienced significant symptoms or functional limitations related to anxiety or panic disorder at a disabling level of severity for twelve consecutive months. (Tr. 16). *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("[T]he severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."). Although Freeman argues that the submission of this evidence

---

[6] The evidence consists of a single page dated May 8, 2011, containing the conclusory and unexplained "Primary Diagnosis" of "Panic Disorder without agoraphobia." It is not signed by a doctor, nor is any doctor identified on it. (Tr. 595).

obligated the ALJ to further develop the record, the record contains substantial evidence for the ALJ to make an informed decision. If Freeman believed evidence existed that would have supported her diagnosis of panic disorder, she should have submitted it to the ALJ for evaluation. *See Yuckert*, 482 U.S. at 146 n.5; *Ellison*, 355 F.3d at 1276.

While the ALJ has a responsibility to develop a full and fair record,[7] that obligation does not relieve Freeman from her burden of proving she is disabled. *See Ellison*, 355 F.3d at 1276. Moreover, because Freeman was represented, the ALJ's duty to develop the record was not heightened. *See Leiter v. Comm'r of Soc. Sec.*, 377 Fed. Appx. 944, 949 (11th Cir. 2010). Furthermore, Freeman makes no convincing showing that the record did not contain adequate information for the ALJ to make an informed decision concerning her functional limitations. The ALJ had more than enough evidence before her to make a fully informed decision and substantial evidence supports her determination.

    **C.**    **The ALJ Applied the Proper Durational Requirement in Evaluating Freeman's Claim**

Freeman contends the ALJ erred because she provided abbreviated language in defining disability when discussing Freeman's credibility. (Doc. 8 at 6-7). The ALJ noted:

> the burden is upon the claimant to provide sufficient credible objective evidence to establish she suffers from an impairment or combination of impairments of such severity as to render her unable to engage in substantial gainful activity for a minimum of twelve (12) consecutive months.

---

[7] The ALJ's duty to develop the record relates to medical evidence and conditions for 12 months *prior* to the filing of the application for benefits. See 20 C.F.R. § 416.912(d); Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Because claimant filed her application for benefits in December 2009, and this issue arose in 2011, the ALJ had no duty to develop the record as to post-filing evidence. Ellison at 1276 ("The ALJ... was in no way bound to develop the medical record for 1999 and 2000" when the application was filed in 1998). Thus, the court rejects the argument that the ALJ's decision must be reverse for failing to fully develop the record.

(Tr. 18). However, as the ALJ correctly discussed in her decision, (tr. 12), to establish disability under the Social Security Act, Freeman must show she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which is *expected* to result in death or to last twelve or more months. *See* 42 U.S.C. § 423(d)(1)(A). Thus, the ALJ applied the proper legal standard to the facts of the case.

The ALJ examined the record and determined it showed no evidence of disabling symptoms. (Tr. 18). She noted that although Freeman alleged disabling symptoms due to Graves' disease, her thyroid examinations showed normal results. (Tr. 275-85, 317-588). Additionally, MRIs, x-rays, and bone scans showed negative results and examinations performed by Dr. Thomas Matthew and Dr. Don Beach were unremarkable for any limitations in her spine. (Tr. 275-85, 290-93, 317-588). The ALJ found no evidence to corroborate Freeman's allegations of cancer and vision problems. (Tr. 18, 258-63, 264-75, 589-94). The record as discussed by the ALJ supports a conclusion that Freeman did not have an impairment that lasted or was expected to last for twelve consecutive months or would be expected to result in death.

A review of the ALJ's decision shows that she applied the proper legal standards in this case. (Tr. 12-20). A remand to have the ALJ write the entire standard in her credibility analysis would not alter the ALJ's findings and would be a waste of judicial and administrative resources. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (holding remand not necessary unless the record reveals evidentiary gaps that result in unfairness or clear prejudice); *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981) (holding remand a "wasteful corrective exercise" when no further findings could be made that would alter the ALJ's decision given the record as a whole). The ALJ applied the proper legal standards in this case and substantial evidence supports the decision.

## VI. Conclusion

Because the Commissioner's decision is based on substantial evidence and the ALJ applied proper legal standards, it is AFFIRMED and this action will be DISMISSED WITH PREJUDICE. A separate order will be entered.

DONE this 20th day of June, 2014.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE